**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GREAT CHINA MANIA HOLDINGS, INC.,
etc., et al.,

           Plaintiffs,

vs.                                                    Case No. 3:12-cv-1042-J-32TEM

CMF INVESTMENTS, INC., etc., et al.,

           Defendants.

## ORDER

This case is before the Court on plaintiffs Great China Mania Holdings, Inc., Huang Jian Nan, Zeng Zhi Jian, and Tam Kin Pong's Motion for Temporary Restraining Order (Doc. 2), filed on Friday, September 21, 2012. The Court conducted an *ex parte* telephone hearing on the motion at 9:30 a.m. today, the record of which is incorporated by reference.

As verified in their complaint and the accompanying exhibits, plaintiffs (a project management, publishing and retail company and three of its shareholders) allege that defendants CMF Investments, Inc., Eiger Investments, Inc., Prism Capital, Inc. and SEO Group Consultants, Inc. unlawfully obtained 12,810,000 shares of Great China Mania Holdings, Inc. when they executed stock purchase agreements with plaintiffs; having no intention of actually purchasing the shares they defrauded plaintiffs into transferring to them. Since transferring the shares to defendants, plaintiffs allege that they have learned that these defendants have a practice of trolling the internet and other media searching for companies from which to procure shares without tendering consideration for the purpose of then selling

the shares on the open market.  Plaintiffs allege defendants have gone so far as to create false bank documents to lull plaintiffs into believing that a $100,000 good faith deposit had been transferred to plaintiffs' bank so as to delay plaintiffs' efforts to take legal action while defendants prepared to sell the shares.  Plaintiffs' complaint alleges that defendants have violated Sections 29(b) and 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, Florida's Securities and Investor Protection Act, Florida Statute 517.301, and are liable for conversion, fraudulent inducement and unjust enrichment.

Plaintiffs seek a temporary restraining order and preliminary and permanent injunctive relief to prevent these defendants from trading, selling, disposing, negotiating or transferring the shares of stock in Great China Mania Holdings, Inc. they received from plaintiffs. Plaintiffs allege that the shares these defendants unlawfully obtained are currently deposited with various clearing houses or brokerage firms in preparation for trading on the public markets.  Plaintiffs have named three such firms, Scottsdale Capital Advisors, Alpine Securities and APEX Clearing Corporation, as defendants solely for the purpose of enjoining them from trading the disputed shares.  Plaintiffs allege that flooding the open market with the 12,810,000 unlawfully obtained shares of Great China Mania would cause immediate, irreparable harm to the company because these shares represent a significant amount of the total number of existing shares and the defendants' intention to sell the shares at any price regardless of their true market value would destroy investor confidence in the company, which could then further lead to severely impacting vendor confidence in Great China Mania, thus further impacting its business. Plaintiffs allege that their efforts to obtain relief without court intervention have been fruitless and that defendants have been advised of plaintiffs'

intent to pursue legal action.  Plaintiffs allege that the threat that defendants intend to immediately sell the shares on the open market is so imminent that issuance of a temporary restraining order without notice is warranted.

In accordance with Fed.R.Civ.P. Rule 65(b) and Local Rule 4.05, a party may secure a temporary restraining order without notice upon demonstrating the four elements to secure a preliminary injunction– a substantial likelihood of success on the merits; that irreparable injury will result if the restraining order does not issue; the threatened injury to the movant outweighs any damage the proposed injunction would cause to the opposing party; and the injunction would not be adverse to the public interest, Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)– *and* that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b)(1)(A)).

Following its review of the verified materials filed by plaintiffs, the Court conducted an ex parte hearing to have counsel address some questions about the papers.  During the course of that proceeding, the Court learned about a lawsuit pending in the Southern District of New York against plaintiffs Huang Jian Nan and Great China Mania Holdings, Inc. filed by one of the defendants in this case, CMF Investments, Inc. That complaint (which counsel for plaintiffs provided at the Court's instruction) paints a different picture of the events described in the complaint presented here.  While the Court is not in a position at this stage to determine which side will ultimately prevail, the existence of the other lawsuit (filed on September 17, 2012), in which CMF Investments, Inc. is represented by counsel, and in which CMF references that the brokers holding the disputed stocks have placed the shares "under review" leads the Court to find that entry of the extraordinary remedy of a temporary

3

restraining order without notice is not the proper course of action to take in this case. Therefore, the Court will deny the motion for entry of a temporary restraining order without notice but will set the case for a hearing on plaintiffs' motion for preliminary injunction, in accordance with Local Rule 4.05(b)(6) and 4.06.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiffs' Motion for Temporary Restraining Order (Doc. 2) is **DENIED** but the Court will sua sponte convert the motion to one for preliminary injunctive relief, which is hereby **TENTATIVELY[1] SET** before the undersigned for a non-evidentiary hearing on **FRIDAY, OCTOBER 12, 2012 at 4:00 p.m.** in Courtroom 10D, Tenth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.[2]

2. Plaintiffs may supplement their moving papers no later than October 1, 2012. Defendants are permitted to file briefs, affidavits, and any other evidentiary materials concerning their position no later than October 9, 2012.

---

[1] Local Rule 4.06(a) requires 14 days' notice to defendants in advance of a hearing on a motion for preliminary injunction. In the event plaintiffs are unable to serve defendants forthwith, the hearing may have to be moved, or plaintiffs could modify the relief sought to account for those defendants who have been served. Evidence that a defendant is purposely evading service or that there is some other material change in circumstance could be a basis to revisit the Court's ruling on the motion for temporary restraining order on a more expedited basis.

[2] All persons entering the courthouse must present photo identification. Cell phones, laptop computers and similar electronic devices may be stored in the first floor lockers provided by the Federal Bar Association upon presentation of a valid Florida Bar card or Order of admission *pro hac vice*. For purposes of this hearing, counsel may also bring those devices into the courtroom upon presentation of a copy of this Order. Phones must remain off while court is in session.

4

3. Plaintiffs are directed to forthwith serve a copy of this Order and all other papers in the case on defendants and to file certificates of service demonstrating such service.

**DONE AND ORDERED** at Jacksonville, Florida at 4:15 p.m. this 24th day of September, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
counsel of record